# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK STEWART and LORIE STEWART, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. CIV-18-420-M ) |
| CITY OF OKLAHOMA CITY, et al., | ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is defendants City of Oklahoma City ("City") and William J. Citty's ("Citty") Motion to Dismiss Portions of Plaintiffs' Complaint, filed May 25, 2018. On June 13, 2018, plaintiffs filed their response, and on June 20, 2018, defendants City and Citty filed their reply.

I.   Introduction

On May 1, 2018, plaintiffs filed the instant action against defendants. In their first cause of action, plaintiffs allege that defendants used and disclosed recordings of oral communications in violation of the Electronic Privacy Act, 18 U.S.C. § 2510, et seq. In their second cause of action, plaintiffs allege a 42 U.S.C. § 1983 claim against defendant City and Citty for violation of plaintiffs' rights of privacy under the United States Constitution. Defendants City and Citty now move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss certain portions of plaintiffs' Complaint.

II.     Motion to dismiss standard

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.    Discussion

   A.   Defendant Citty in his official capacity

Defendant Citty moves this Court to dismiss any claims asserted against him in his official capacity. In their response, plaintiffs state that they have not asserted any claims against defendant Citty in his official capacity. Further, having reviewed plaintiffs' Complaint, the Court finds that

2

it is unclear whether any claims are being asserted against defendant Citty in his official capacity; however, in the caption of the Complaint, defendant Citty is only listed in his individual capacity. In light of plaintiffs' statement that they are not asserting any claims against defendant Citty in his official capacity, the Court finds that defendant Citty's motion to dismiss any claims asserted against him in his official capacity is moot.

B.  Plaintiffs' § 1983 constitutional right to privacy claims

Defendants City and Citty assert that plaintiffs have failed to state a § 1983 claim for violation of their constitutional right to privacy. Specifically, defendants City and Citty contend that plaintiffs are required to specifically allege where in the Constitution the right allegedly violated can be found.[1] However, upon review of the cases cited by defendants City and Citty, the Court finds no specific pleading requirement to specifically allege where in the Constitution the right allegedly violated can be found.

Further, the Court finds that it is well established that an individual does have a constitutional right of privacy, which includes the individual interest in avoiding disclosure of personal matters and the individual interest in independence in making certain kinds of important decisions relating to marriage, family relationships, and child rearing. *See Carey v. Population Servs.*, 431 U.S. 678, 684-85 (1977); *Sheets v. Salt Lake Cty*, 45 F.3d 1383, 1387 (10th Cir. 1995). In their second cause of action, plaintiffs allege that defendants City and Citty enacted and adopted the interpretation of an overly broad off duty conduct policy that (1) sought to regulate off duty conduct related to marriage, family relationships, and child rearing, (2) authorized an Internal Affairs investigation, and (3) allowed disclosure of private information gathered during the

---

[1] It does not appear that defendants City and Citty are asserting that there is no constitutional right to privacy or that plaintiffs have failed to allege sufficient facts to state a § 1983 claim for violation of their constitutional right to privacy.

Internal Affairs investigation related to off duty conduct. In their Complaint, plaintiffs allege numerous detailed factual allegations in support of this claim. Having reviewed the Complaint, the Court finds that plaintiffs have set forth sufficient factual allegations to state a § 1983 claim for violation of their constitutional right to privacy.

Accordingly, the Court finds that plaintiffs' § 1983 claims for violation of plaintiffs' constitutional right to privacy should not be dismissed.

C.  Qualified immunity

Defendant Citty asserts that he is entitled to qualified immunity on plaintiffs' § 1983 claim for violation of plaintiffs' constitutional right to privacy. Specifically, defendant Citty contends that he should be dismissed from plaintiffs' second cause of action because in their Complaint, plaintiffs fail to advise him where in the Constitution plaintiff Patrick Stewart has the right to engage in the conduct for which he was disciplined. For the reasons set forth above, the Court finds there is no specific pleading requirement to specifically allege where in the Constitution the right allegedly violated can be found, it is well established that an individual does have a constitutional right of privacy, which includes the individual interest in avoiding disclosure of personal matters and the individual interest in independence in making certain kinds of important decisions relating to marriage, family relationships, and child rearing, and plaintiffs have set forth sufficient factual allegations to state a § 1983 claim for violation of their constitutional right to privacy.

Accordingly, the Court finds that defendant Citty should not be dismissed from plaintiffs' second cause of action.

D. Punitive damages

Defendant City asserts that it cannot be liable for punitive damages. As made clear in plaintiffs' response, plaintiffs are not seeking punitive damages in relation to their § 1983 claims but are only seeking punitive damages in relation to their claims under the Electronic Privacy Act. Further, in their response, plaintiffs also note that while no court in the Tenth Circuit has addressed the issue of punitive damages under the Electronic Privacy Act, at least two jurisdictions appear to bar punitive damages, citing *Lewis v. Village of Minerva*, 934 F. Supp. 268 (N.D. Ohio 1996) and *Abbott v. Village of Winthrop Harbor*, No. 93 C 4642, 1995 WL 51553 (N.D. Ill. Feb. 4, 1995). Having carefully reviewed the cases cited by plaintiffs, the Court finds that defendant City cannot be liable for punitive damages under the Electronic Privacy Act.[2]

IV. Conclusion

Accordingly, the Court GRANTS IN PART and DENIES IN PART defendants City and Citty's Motion to Dismiss Portions of Plaintiffs' Complaint [docket no. 14] as follows:

(A) The Court denies the motion to dismiss as to plaintiffs' § 1983 claims for violation of plaintiffs' constitutional right to privacy;

(2) The Court grants the motion to dismiss as to plaintiffs' request for punitive damages against defendant City under the Electronic Privacy Act, and

(3) The Court finds the motion to dismiss moot as to any claims against defendant Citty in his official capacity.

**IT IS SO ORDERED this 17th day of July, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2] As neither party presented any detailed argument regarding this issue, plaintiffs may re-urge their entitlement to punitive damages at a later stage of this case.